IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TONY JIN KWAK, | ) | Civ. No. 07-00534 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER (1) ADOPTING IN PART |
| vs. | ) | AND MODIFYING IN PART |
| | ) | FINDINGS AND RECOMMENDATION |
| CLAYTON FRANK, Acting | ) | THAT PETITIONER'S 28 U.S.C. |
| Director, Department of | ) | § 2254 PETITION BE DENIED, |
| Public Safety, State of | ) | AND (2) DENYING PETITIONER'S |
| Hawaii, | ) | 28 U.S.C. § 2254 PETITION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER (1) ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND
RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE
DENIED, AND (2) DENYING PETITIONER'S 28 U.S.C. § 2254 PETITION

I.     INTRODUCTION.

     This matter is before this court on objections to Magistrate Judge Kevin S.C. Chang's Findings and Recommendation ("F&R") of October 22, 2008.  The F&R recommended that this court deny Tony Jin Kwak's petition under 28 U.S.C. § 2254 ("Petition").  Kwak objects to the Magistrate Judge's determinations that (1) he has not exhausted his federal claim of ineffective assistance of counsel at the state level and (2) the claim of ineffective assistance of counsel fails on the merits. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for judgment without a hearing.

     This court adopts the Magistrate Judge's uncontested finding that Kwak timely filed his Petition.  The court also adopts the uncontested findings that Kwak's jury instruction

claim was not exhausted and that the jury instruction claim fails on the merits.  While the court declines to adopt the ruling that Kwak did not exhaust his claim of ineffective assistance of counsel, the court nevertheless adopts the Magistrate Judge's determination that Kwak's ineffective assistance of counsel claim fails on the merits.  The writ of habeas corpus is accordingly DENIED.

II.     STANDARD OF REVIEW.

The court reviews de novo those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's findings and recommendations that are not objected to if it is satisfied that there is no clear error on the face of the record.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

III.    FACTUAL BACKGROUND.

In a well-reasoned and thorough discussion of the facts, to which Kwak does not object, Magistrate Judge Chang described the factual basis of Kwak's conviction and his

subsequent appeal.  The court finds no clear error on the record and adopts those facts.

IV.    ANALYSIS.

    A.    Exhaustion.

    Kwak objects to the Magistrate Judge's determination that he has not exhausted his state remedies.  In reviewing a habeas petition from a petitioner in state custody, the federal court must first determine whether "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).

    Exhaustion requires that habeas petitioners "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995)(internal citations omitted).

    To be deemed to have presented a federal claim to the state court, the petition or brief filed in the state court must "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-163 (1996)(citing Picard v. Connor, 404 U.S. 270 (1971)).  The federal basis of the claim must be explicit, even if the basis of the claim appears "self-evident." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 (1982)).  It is not enough that the issues raised by the

federal claim are strikingly similar to the issues under state law. Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Furthermore, the habeas petitioner must not rely exclusively on citations to state law cases. Cook v. Schriro, 538 F.3d 1000, 1028-29 (9th Cir. 2008). The Ninth Circuit has left open the possibility that a petitioner may present a federal claim if the pertinent state cases cited explicitly apply federal law. Lyons v. Crawford, 247 F.3d 904 (9th Cir. 2000). It is not necessary to explore this possibility at present, as Kwak relied on federal cases in papers filed in the state court.

Although he relied on state law in the opening brief he filed in the Hawaii Intermediate Court of Appeal and referred to the state standard for assessing ineffective assistance of counsel, Kwak did quote a Ninth Circuit case that set forth the standard in Strickland v. Washington, 466 U.S. 668 (1984). See Pet'r ICA Am. Opening Br. at 33. He did provide a string cite of Ninth Circuit cases to illustrate the comparative merits of his claim. Id.

The Magistrate Judge determined that the cited federal authority was insufficient because it only described the nature of the allegedly deficient performance, without enunciating clearly the stronger federal standard for ineffective assistance. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that a petitioner does not "fairly present" an issue for exhaustion purposes when the appellate judge can only discover the issue by

4

reading a lower court opinion in the case); Gray v. Netherland, 518 U.S. 152, 162-163(1996) (concluding that a general appeal to a broad constitutional guarantee such as due process is insufficient to present the "substance" of such a claim to a state court).

This court is concerned that a more liberal reading of Kwak's claim than the Magistrate Judge's may be in order. Kwak did specifically cite federal caselaw in his state court brief. He therefore arguably did present the legal basis of his federal claim of ineffective assistance of counsel. However, this court need not ultimately rule on whether Kwak fairly presented the legal basis for his federal claim, because, as explained in section IV.B. of this order, the court relies on other grounds to deny Kwak's claim for relief.

With regard to providing the factual basis of the claim, "the petitioner must only provide the state court with the operative facts" giving rise to application of the relevant constitutional principle. Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Kwak did this.

Kwak's ineffective assistance of counsel claim is premised on the failure in state court by his attorney, Debra Loy, to interview and call two eyewitnesses and to seek out expert testimony. Kwak was convicted of reckless manslaughter resulting from having allegedly kicked a bouncer, Bobby Cullen,

at a nightclub during a fight.  Death resulted through a condition known as cordis commotio.

The first witness Kwak believes Loy should have interviewed, Mahealani Kaae, initially told the police that another patron in the bar had kicked and elbowed Cullen and caused him to collapse.  Kaee retracted that statement and admitted having lied to try to secure a conviction of that patron, Kirk Tanaka.  She then maintained that Tanaka had not kicked Cullen but only elbowed him, after which Cullen immediately collapsed.  Kwak claims that Kaae's testimony about Tanaka's elbowing of the victim could still have proven valuable, raising the possibility that death was caused by Tanaka's elbow strike, not Kwak's alleged kick.

The second eyewitness Kwak claims Loy should have called was Jason Lee.  Lee stated that he had observed Cullen restraining an individual (other than Kwak) who was trying to break loose, but he did not see Cullen's fall or what caused it.  Kwak asserts that Lee, who was standing next to Kaae, could have corroborated Kaae's testimony that she was in a position to see clearly what had happened to Cullen.

Finally, Kwak faults Loy for not having sought out expert testimony to support the theory that Tanaka's elbow strike could have resulted in Cullen's death.  Loy maintained that the medical examiner originally informed her that only a punch or a kick could have resulted in cordis commotio, ruling out this line

of inquiry.  At the hearing for a new trial, however, the parties stipulated that the examiner would have testified that, "If someone struck the sternum hard enough within a reasonable degree of medical certainty, it could cause cordis commotio." 11/12/2003 Tr. 102 lines 2-5.  Kwak also produced a martial arts expert at the hearing who testified that it was possible to fracture a sternum with an elbow.  Kwak argues that Loy should have followed up on this "elbow strike defense" to support the contention that another patron's actions could have caused Cullen's death.

### B. Ineffective Assistance Claim.

Even if this court found that Kwak had not exhausted his state remedies, this court would be permitted to reject the substance of his claim.  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  The court therefore turns to the merits of Kwak's ineffective assistance of counsel. To grant habeas relief to a state prisoner, the court must find that the state proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has recently clarified that, in the context of 28 U.S.C. § 2254(d)(1), "relief may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by Strickland." Knowles v. Mirzayance, No. 07-1315, 2009 U.S. LEXIS 2329 (Mar. 24, 2009). Kwak appears to argue both that the state court's denial of his ineffective assistance of counsel claim was an unreasonable application of federal law and that the state court's decision was an unreasonable determination of the facts. For both claims, we must examine the federal standard to see if the state court's ruling was ultimately unreasonable.

The federal standard for ineffective assistance of counsel claims, as described by Strickland, requires a petitioner to establish two components: (1) "the defendant must show that counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As Magistrate Judge Chang noted, the Hawaii standard for establishing ineffective assistance of counsel, applied at Kwak's state court hearing, is less stringent (and thus more favorable to Kwak) than the standard set forth in Strickland. See State v. Aplaca, 837 P.2d 1298, 1301 (1992) ("When viewed as a whole, was the assistance provided to the defendant within the range of competence demanded of attorneys in criminal cases?")(citations

omitted). This state standard, which the state courts applied to Kwak's claim, cannot be said by Kwak to have prejudiced him by violating federal law when it required a lesser showing by Kwak than federal law would have required of him.

The court now turns to the factual basis of Kwak's ineffective assistance of counsel claim. Under federal law, adequate performance by defense counsel is judged by its "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 687. An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. Reasonableness has been defined with reference to American Bar Association standards, id. at 688, which provide:

> Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to defense counsel of facts constituting guilt or the accused's stated desire to plead guilty.

ABA Standards for Criminal Justice 4-4.1 (3rd ed. 1991).

Kwak's claim of deficient performance by Loy centers on Loy's failure to investigate and present certain evidence he identifies as exculpatory. "The failure to investigate is especially egregious when a defense attorney fails to consider

9

potentially exculpatory evidence."  Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002).  Many opinions in the Ninth Circuit have identified failures to investigate or present exculpatory evidence as constituting ineffective assistance of counsel.  See Avila, 297 F.3d 911, 919 (9th Cir. 2002) (holding that counsel's failure to investigate evidence that defendant's brother was the shooter constituted deficient performance); Lord v. Wood, 184 F.3d 1083, 1095-96 (9th Cir. 1999) (holding that counsel's failure to call key witnesses whose testimony undermined the prosecutor's case constituted deficient performance); Hart v. Gomez, 174 F.3d 1067, 1070 (9th Cir. 1999) (holding that counsel's failure to review key documents corroborating defense witness's testimony constituted deficient performance); Brown v. Myers, 137 F.3d 1154, 1158 (9th Cir. 1998) (holding that counsel's failure to investigate and put on the stand possible alibi witnesses constituted ineffective assistance); Sanders v. Ratelle, 21 F.3d 1446, 1457 (9th Cir. 1994) (holding that counsel's failure to investigate evidence that someone else was the killer constituted deficient performance).

        However, the Supreme Court has counseled that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.  All attempts must be made to evaluate the attorney's performance under the circumstances at the time, not through the lens of hindsight.  Id.  As a result, "a court must indulge a strong presumption that

10

counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Ultimately, strategic decisions by counsel are not to be second-guessed, so long as they were reasonably informed by the facts available to the attorney at the time.  See Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir. 1992) (remanding to "determine if counsel's decision was a strategic one, and, if so, whether the decision was a sufficiently informed one").

Loy satisfactorily explained her decisions not to call witnesses Kaae and Lee or to seek out expert testimony for the defense.  These strategic decisions were not ineffective under the circumstances.

First, eyewitness Kaae had given inconsistent statements to the police, giving Loy a reason to worry that she would not be a credible witness.  Kaae also admitted to having lied in an attempt to have Tanaka convicted of killing Cullen, and it was possible, as Loy speculated, that she would lie again to aid Kwak's prosecution.  Even were Kaae's most recent testimony to be believed, there was a reason for Loy to question Kaae's report that Cullen collapsed immediately after being elbowed.  The medical examiner indicated that it would have taken from ten seconds to a minute for Cullen to lose consciousness as a result of a blow to the chest.

Next, eyewitness Lee was not called to testify because he stated that he had not seen what happened to the victim. Loy's

11

conclusion that Lee's testimony would be cumulative and provide no exculpatory value was not ineffective.

Finally, the decision not to seek out an expert who would testify to the possibility that an elbow strike could cause cordis commotio was based on Loy's discussions with the medical examiner, who in pretrial interviews rejected such a possibility under the circumstances.

While Kwak suggests that a martial arts expert could have been called to testify that an elbow strike to the chest could be fatal, the particular expert he identifies was his own martial arts instructor. Calling attention to his own training in this area and his ability to deliver the mortal blow could have prejudiced Kwak during his criminal trial. Ultimately, Loy's determination that the elbow strike theory was not viable fell within the wide range of reasonable professional conduct. Unlike previously cited cases categorizing certain failures to investigate as constituting deficient performance, the present case involves Loy's informed determination that the identified lines of inquiry would have been fruitless.

The same reasons that justify Loy's decisions not to call Kaae, Lee, and/or an expert witness tend to undercut any claim of prejudice. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687. Kwak has not met his burden of establishing that he was prejudiced by Loy's performance.

Loy maintains, and Kwak has presented no evidence to the contrary, that the eyewitnesses that Kwak identifies were either unreliable or nonexculpatory. Further, Kwak does not show that testimony by the medical examiner or a martial arts expert on an elbow strike would likely have caused a different verdict. The improbability of these theories suggests that they would not have been persuasive to a jury. Indeed, testimony by a martial arts expert could have worked against Kwak, just as credibility challenges to Kaae could have tainted his defense. "A failure to raise untenable issues on appeal does not fall below the Strickland standard." Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002). See also Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir. 1991) ("[P]etitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit.")

V.      CONCLUSION.

For the foregoing reasons, the court adopts the F&R, amending it as set forth above. Kwak's § 2254 Petition is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 2, 2009.



　　　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway

　　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　　United States District Judge

Kwak v. Frank, Civ. No. 07-00534 SOM/KSC; ORDER (1) ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE DENIED, AND (2) DENYING PETITIONER'S 28 U.S.C. § 2254 PETITION.